Argument in 1921-85, Dyer v. Air Force. Mr. Bonney, whenever you're ready. Thank you. Good morning, and may it please the court. The case before you today is a case of first impression interpreting 32 USC 709F4. Senator Dyer is a non-probationary, dual-status civilian technician who serves as an electronics-integrated systems mechanic leader, WL-13. As a dual-status civilian technician, he works daily as a mechanic work leader and also serves one weekend a month and two weeks and one day a year in the National Guard. Consequently, he's a full-time civilian who also spends some weekends and two weeks in the summer, usually drilling. I think I have the record. Let me start off by asking you. It's my understanding that you're not appealing the National Guard's decision to separate Mr. Dyer, but rather you're appealing the Air Force's decision to terminate him because he no longer satisfied the condition of dual status. That is absolutely correct. We have no authority to address whatever the military's action is. I would point out that the military decision, while we have no authority to address it, it does not comport with due process principles which feeds into the next argument. I would also point out is that is exactly the case that we had in Navy versus Egan, which both this court and the U.S. Supreme Court had in front of them at one time. In that case, although the Air Force contends the MSPB, in this particular case, denied jurisdiction over removals based on the loss of a condition of employment, this court and the Supreme Court faced the same issue in Navy versus Egan. As the Supreme Court found, the board has jurisdiction over the action of the employee being removed in the civilian capacity based on his failure to meet a condition of employment, even where the board does not have authority to examine the underlying condition of that employment. That resulted in- Yes, but here we have a statutory provision that you're relying on. And the statutory provision is not completely crystal clear because the exemption, it used to be clearly no right of appeal, correct, before the statutory change? That's correct. And then they add the language when the appeal concerns activity occurring while the member is in a military pay status or concerns fitness for duty in the reserve component. And I think it's the government's view, and we'll hear in a few minutes, that what we're talking about here and the challenge here involves that exception. And therefore, there's no right to appeal, no jurisdiction for the MSPB in this circumstance. So what's your response to that? You didn't file a gray brief. So I'd just like to hear your response to the government's position in red. As you know, the agency spent 90% of its brief writing on appealing the jurisdictional finding, which they never raised as an appeal. That's because that is an important issue. But the agency tries to squeeze its removal of Mr. Dyer into a claim that he failed to maintain a condition of employment under concerns for his fitness for duty in the reserve component. The agency's argument is contradicted and fully rebutted by their own letter of non-retention which is Supplemental Appendix page 50 states, you should not consider this non-retention as an unfavorable reflection on your military career, nor is it a separation for discharge. The separation notice then goes on to extend the Air Force's sincere appreciation for his personal sacrifices and devoted service to the nation. The point being is there was no basis for the removal in this particular case. It then goes on- Which removal, I'm sorry, which removal are you talking about? Are you talking about removing him from National Guard status? Or the removal of his other position? The National Guard status, because that's what the judge ended up relying on. The judge found that clearly the removal from the civilian position did not meet the due process principles. That's pretty straightforward. He didn't get a notice of opportunity to respond. He didn't get a proposed removal. So he clearly didn't meet the five USC 7513 rights of due process. So what the judge did was he looked at the removal from the military and said, hey, there's due process there. But the point, and I think you've already made it, is that no due process was required during that proceeding and no due process was provided during that proceeding. No notice of an opportunity to respond. No charges were ever filed. Wait, I'm sorry. I'm getting a little confused. I apologize. Maybe it's me. Your complaint about due process is with regard to the second, the other, not the National Guard decision, but the decision to terminate him because he didn't satisfy the condition of dual status. Well, judge, this is where it's a little bit confusing. I accept the judge would have found that that was not due process. What he did was he looked and found due process in the military proceeding, which did not require due process and which did not provide due process. And that was the gist of our appeal was we know that that process did not provide due process and you can't use what the judge found there as evidence to support the due process. He was denied in the civilian side of the house. That's why it's a little bit confusing. And I will give you that, that it's a little bit confusing because the judge reached out and found due process in the military proceeding, which frankly is clearly not a due process proceeding, nor does it have to be. You know, there's no notice of charges. There's no proposal to action. There's no opportunity to respond to charges. There's just no notice.  Can I just follow up on this? Because I think I've been a little bit confused about this too. Assume for a minute for purposes of this question that the board cannot question the removal from the National Guard of your client on any ground, whether it is substantive or procedural or constitutional or otherwise, then what exactly does the board have before it in the proceeding that you initiated before the board? Thank you for that question. That question is answered by Egan. And in Egan, what they said was, you know, if a person's security clearance is taken and you know, when the security clearance is taken, that's a much more serious problem than what you have in this particular case. And when my security clearance is taken, I cannot go aboard and work, perform any duties. I can't go into a controlled area. I can't do anything because my job requires that I perform things that are covered under a secret clearance. Here, my clients can continue to work, do their job. The only thing they can't do is play, go on their G.I. Joe missions for- Except that under the statute, they can't because the dual status is a job requirement for the civilian position under the statute. And then in Egan, there was not a, and this gets back to something that Chief Judge Prost I think mentioned. In Egan, there wasn't a statutory provision. I don't think like 709F4 that says a particular, the equivalent there would have been a statutory provision that says no other authority, including the board, may question on any grounds the removal of a national security clearance, including on constitutional due process grounds. But we cannot attack the military decisions much like that we cannot attack the security clearance revocation proceedings. But what we can attack is the due process that the employee is provided, which was the whole purpose of the statute. If I could flip a question back to the court, what value would be the statute at that point that provided these individuals with rights? I would also point out- Well, let me just, like I said, lead me to another question. And I don't remember how much, if at all, any of this appears in the briefs. But this provision applies, in effect, to civil rights claims under section 717 of the Civil Rights Act of 1964. I think the next section, F5, makes that clear. And there's a body of case law out there in the regional circuits that draws a distinction between what is reviewable and what is not reviewable under which, essentially, a military decision about activity in the military would not be reviewable. And why wouldn't that? And that maybe says two things. One, that a decision that says you lose your dual status position, not because you've lost your military, your National Guard status, but because you did something bad on the job in your civilian capacity, that would be what this provision would still allow. But that's not this. Right. Why don't you, you're free to respond, Mr. Bonney. Go ahead. Thank you very much. A couple of things. One would be that with that particular question, is the employee, as you probably know, even after he lost his status, he can continue to work for the National Guard up to a year after his revocation. In addition to that, the process here has also, if you look at the removal letter, it also gives him the right to go to the reserve status. That is the, the particular status is referred to as the inactive reserve or retired reserve. And as you may know, President Trump has recently called those people up. So he has not been disqualified. So the question that you present under the particular section that says, we're concerned that he was disqualified from this particular position by the military is, like I said, beat back by the fact that the letter says, we thank you for your service. This isn't unfavorable. You've done nothing wrong. And we're putting you in the reserve status so that you can come back and serve the country in times of need like we have now. So the circumstances do not, my client has done nothing that would indicate that he should be fired. And I'll reserve my, that's my time. Okay, all right. Let's hear from Mr. O. Ms. O, Mr. O. Mr. O, thank you, your honor. I'd like to start, you're welcome. I'd like to start kind of where the last question that the panel asked. I think Judge Toronto, you had asked, why can't we create the dividing line as other circuits have done in the civil rights cases? I do think that's probably a similar line we would draw here. Clearly when Congress revised 32709, it did create an avenue for board review in certain instances. And what it looks like the Congress did was it created an avenue where if activity occurred kind of solely within the service member civilian capacity while he was in a civilian pay status that didn't really implicate his military duty, that could be reviewable, we think by the board. And that would give effect to what Congress kind of effected through the statute, through the modifications in the statute, but would still respect, you know, what courts have long respected regarding military fitness issues and not kind of intruding upon those types of determinations. We think this accords with how this court has previously interpreted 709, where again, there was a previous bar where the court could not review in any circumstance decisions made by the Adjutant General of the National Guard but when Congress modified the statute, it seems to have opened a tiny door, but again, still not touching on military fitness issues. We think that's why Congress added the language, you know, concerns, and this is an F4, that the right of appeal should not extend beyond the Adjutant General when it concerns fitness for duty in the reserve components. Here, Master Sergeant Dyer enjoyed the position of a dual status physician precisely because he was a service member. As we laid out in our brief, the role of a dual status technician is very closely tied to their military activity. They get deployed with their units. They train with their units. They wear their uniform. Oh, go ahead. Well, I was just going to ask quickly, just your friend on the other side responded to that by citing the accolades his client got upon separation and also the continuing service he's providing. Do you have a quick response to that? Right, and again, I think this actually kind of demonstrates how closely, even the question itself starts to touch on issues of military fitness because in order to kind of question the civilian question on why he was separated, he has to immediately go to the question of the military fitness. Now, we know why the military made this decision because it made that decision clear in page 20 of the appendix where it laid out the recommendation for non-retention. What his military commanders found was that Master Sergeant Dyer had progressed to the limits of his abilities. He had applied for numerous promotion opportunities and not been granted promotion. He had been in his rank for 12 years and in the military, it's an up or out type of regime. And he had been passed over for promotion each time. It was clear he wouldn't receive a promotion. And within his unit, there weren't very many of these positions to give to more junior airmen. So in order to open up these opportunities for more ambitious junior people, it was perfectly squarely within the discretion of his military commanders to say, we need to be able to create promotion opportunities and statutorily, we just don't get very many of these positions to begin with. So even though Master Sergeant Dyer has done a capable job and has served his country faithfully. You responded to my question. Why don't you, I'll turn to Judge Taranto. Yes, I thought that I heard Mr. Bonney say right near the end of his opening argument that there were grounds that he could have asserted or did assert to the board that Mr. Dyer could lawfully keep this position even once he was out of the National Guard. In which case, maybe there is some issue outside the bar of 709F4. Can you address that both as to whether this was raised and the merits of it? So to answer the first part of the question, I don't think it was raised. I could be wrong, but I don't recall seeing that argument raised anywhere. But to the second part, I don't think that point is correct. The statute clearly states that if you fail to be a military member, you shall be promptly separated. Now there could be some gray area in that question of shall be promptly, like what does it mean to shall be promptly separated? I think what my friend on the other side is referring to is I think it's in Title 10, Section 10217 or 10216. The Secretary of the Armed Services, I think in this case it would be the Air Force, can write or recommend keeping the individual on duty for up to a year, but it's not something that happens automatically. The Secretary of the Air Force would have to write and justify the retention kind of as an exception to Section 709, which says you shall be promptly separated. But even then at max, and this is again with an intervention from the Secretary of the Air Force, would only be able to justify prolonging the ultimate termination by up to a year. And a healthy backdrop I think to understand is kind of what I was explaining to Chief Judge Prost was that there aren't very many of these positions. So it makes sense in the statutory regime that when you fail to be a military service member and because your duties are closely tied to your civilian status, that when you fail to maintain your membership in the military, you should be promptly separated. That opens up new opportunities for more junior service members, but it also recognizes the number of limited opportunities that the dual status technicians would get. Even with the- Can I just cut you off? Before your time expires, I wanted you to have a chance to respond to the Egan and Kaplan cases and the argument your friend makes. Sure. So, you know, my friend on the other side refers to the Egan cases to, I guess, create some type of dividing line as to what this court should be able to review, referring to Title V, Section 7513, those due process questions. We think those authorities are distinguishable precisely because, number one, there's a statute on point, we think the court has already mentioned this, that says you're required to be a service member and then says on the flip side of that, if you fail to be a service member, you shall be promptly separated once you fail to meet that condition. And then you get to Subsection S4, which says review by the board is limited or the review rights do not extend beyond the adjutant general when it concerns fitness for duty in the military. That's a different question because I think in the Egan context, what you get is there wasn't much dispute that those individuals qualified as Title V employees. The only question then was when you get into this very sensitive area of national security type determinations, what type of process do you get? Do you get the full panoply of traditionally accepted Section 7513 due process rights or is it something more limited because of the nature of their employee status? That was the question that Egan was answering. Here, you have a statute directly on point that says you are required to be a service member. If you fail to be a service member, you shall be promptly separated. And if you are separated on an issue that concerns your fitness for duty in the military, your review rights do not extend beyond the adjutant general of the jurisdiction. So that's why we think that line of cases, the security clearance line of cases is distinguishable from a case like this. In total, we think that that jurisdictional part should answer the question. We think the board improperly, narrowly focused on Title V without recognizing that Title 32 had much more to add to the question and that the board failed to kind of grapple with those questions. With respect to the second part of the case, which is the due process question, we think that the petitioner is focusing a little bit too much on the form of 7513 rather than the substance. So this is assuming we get to the due process question. Here, the National Guard provided the notice with a specific reason for the termination. It was a very simple reason. Under Section 70, or under 709, the service member had lost his military status and therefore was obligated by statute to surrender that position. He was given an opportunity to respond. What that means is he was given a significant conference with his management. Here, he got to write a letter to the same individual, the same military officer who was responsible for the civilian separation under Section 709. And just to be clear, when you say was given an opportunity, you don't mean that the initial letter told him he had the opportunity, just that in fact he had it and took it. That's probably a fair distinction, Your Honor. Okay. And he was given a reasonable time to respond. Here, it was 30 days. He had the opportunity to seek representation if he wanted it, and there was a written decision. And here, it didn't have to be a complex written decision because it was required by statute. So we think that upfront that the board erred when it took jurisdiction over the case under Title V, and then the alternative, even if the board did not err, that the board's decision should be affirmed because the petitioner, Master Sergeant Dyer, was afforded all due process, afforded to him under the law. Thank you. Mr. Bonney, you've got five minutes left or about that. Thank you very much, Your Honor. Let me point out a couple of things. Egan's case regarding failure to maintain a condition of employment, in that case, security clearance, this case, it's his National Guard military status. The cases are the exact same. The point that's been made is, well, there's a statute involved. The statute has no real importance because whether it's a statute, a regulation, a policy, whatever it is, the result's the same to the employee. You cannot be employed. Those require the employee to be terminated because of the loss of that particular condition of employment. Both of them have the same effect. The due process that we're seeking is with the civilian separation. The agency wants free reign to terminate individuals and to claim that it falls under some big, large umbrella about, under 709F4, that it has to do with military fitness for duty. Well, that's not, that would totally emasculate the regulations if you could always just say it falls under that. In fact, we know that it doesn't because we know that the letter specifically rebuts that he did anything wrong. He has a 37 years of loyal, successful service, and he's invited to come back and work on the reserve, the retired reserve or the inactive reserve, which he's just been called up for, the president's given authority to the Pentagon to call him up for. I'd also point out that something else is important to note. The purpose of this statute, if you could go through the change, you will also note that the National Guard is under requirement to convert the Title 32 to Title 5 for 20% of its people. The obvious point here is Congress wants these individuals to have due process rights, except under these very narrow circumstances where there's a fitness for duty or military pay status problem. They did something wrong when they had military pay status. So to effect the purpose of Congress would be to just look at this particular statute, look at 32 U.S.C. 709F and read it this way. A right of appeal only, this is the exception, shall not extend when the appeal concerns activity occurring while the members are military pay status, not applicable, no problems with him there, or fitness for duty. He didn't meet one of the run jump standards for physical fitness in the reserve components. We know that that exception is not applicable here because one of the kind language that he got when he was removed saying that this is not a for cause reason that you're being separated and two, you're being invited back in case we need you, we're gonna bring you back. So if that is the exception that has been carved out at four, that exception is not applicable, therefore he has the right. So I think at one point, Judge Prost, you said maybe there might be some type of conflict here between the granting of this appeal right and the statute that says you must be removed. Yes, there may be, and I looked at that, but I have to go with the concentrated language here explaining exactly what they want to happen and the intent that they want the National Guard technicians who haven't had these due process rights to receive these rights, which is evident by the provision that they're gonna convert the third Title 32 to Title V at 20% and that is to be increased. So the idea here is to move these people to Title V. You have to remember, every day he goes into work, he does regular civil service job just like everybody else. It's when he's not working and he does his weekends or his two weeks in the summer, that's when he's doing his military work. The rest of the time, he's just a civilian maintaining whatever requirements that he has to do. Thank you, thank you. We thank both sides and the case is submitted. Thank you.